## Case No. 17,986a.

### WOODRUFF v. BENTLEY.

[Hempst. 111.][1]

Superior Court, Territory of Arkansas. Jan., 1831.

#### DETINUE—WHEN LIES.

1. Detinue lies against a person who has quitted the possession of property prior to the institution of suit.

2. If a defendant has been legally evicted, or returned the property before suit, this will bar the action.

Appeal from Pulaski circuit court.

[Action by George Bentley against William E. Woodruff.]

Before JOHNSON, ESKRIDGE, CROSS, and BATES, JJ.

CROSS, J. This was an action of detinue brought by the appellee against the appellant, in the Pulaski circuit court, for the recovery of a negro boy. The suit was commenced on the 22d February, 1830, and at the following June term, a verdict and judgment were recovered by the appellee. From the bill of exceptions taken by the appellant during the trial, it appears that the judge of the circuit court instructed the jury, that if they found from the evidence that the negro slave in contest was the property of the plaintiff, and that the defendant had possession of said slave in December or January last, although he might not have been in his possession at the date of the writ, they ought to find for the plaintiff, &c. In giving these instructions, it is contended that the court erred: First, because the appellant had restored the negro to the person from whom he had received him, in whose power it was to have affected a legal eviction before the commencement of the suit; and second, that the relation of bailor and bailee existed between the appellant and a certain Thomas Mathers, to whom the negro had been returned. The evidence, as collected from the bill of exceptions. is, that the appellee sent the negro in contest to a certain Thomas Mathers, his son-in-law, on the 23d Decem-

1 [Reported by Samuel H. Hempstead, Esq.]

ber, 1827, where he remained in his employ and possession until October, 1829, when he (Mathers) hired him to the appellant. The negro remained in the possession of the appellant, under this contract of hirage, until the early part of January, 1830, when a man by the name of Harris came and demanded him, stating that he had purchased him from the appellee, upon condition that he could get peaceful possession of him. Appellant refused to deliver up said negro, declaring that he would deliver him to no person without an order from Mathers. A few days afterwards Mathers was seen in possession of the negro, on the way to his residence in Conway county. Two weeks thereafter he sent the negro to Little Rock, where appellant resides, with directions that the appellant would hire him, or that he should hire himself to some other person. The negro came to appellant's, and remained with him five or six days; when Chester Ashley put him in possession of the Messrs Elliots, under a previous contract of hirage from said Mathers. In January preceding the commencement of the suit, the appellee called on Mathers, and told him to send home his negro, then in his possession. The question is, are the instructions given to the jury by the judge of the circuit court correct, when applied to the facts above detailed?

It is certainly a well-settled principle, that detinue lies against a person who has quitted the possession of the property prior to the institution of the suit. Com. Dig. tit. "Act," 364; Bastie v. Lambert, 1 Wash. [Va.] 176. When, however, the defendant has been legally evicted before the institution of the suit, it would operate as a bar, and a recovery could not be had in detinue. Id. 116. And so where the relation of bailor and bailee exists, a return of the property by the bailee would bar the action, and after a demand made by a person who had title. 1 Bac. Abr. tit. "Bailment," 375; Rolle, Abr. 607; 2 Bos. & P. 462.

This doctrine, as was justly remarked by the counsel for the appellant, is founded in the best policy. Were it otherwise, a door would be open placing it in the power of corrupt individuals, by combining, to practise incalculable frauds and impositions upon society. Besides, it would greatly impair the beneficial relations growing out of contracts of hirage, or any other species of bailment. But does the evidence in this case show that the appellant was legally evicted, or that he stood in the attitude of a bailee and returned the property to Mathers, the bailor? We think not. His contract for the hire of the negro took place in October, 1829, under which he remained in possession until some time in January following. A demand was then made by Harris, who alleged that he had purchased from appellee. Shortly afterwards appellant returned the negro to Mathers. With this return the relation of bailor and bailee ceased; and if nothing further

had appeared from the evidence, we would be disposed to reverse the judgment. But it did not close at this stage of the transaction. After the return of the negro, the appellee called on Mathers for him, and immediately afterwards he was sent back to appellant, without any contract or obligation on the part of Mathers to do so. He remained in the possession of, or, to use the language in the bill of exceptions, stayed with the appellant five or six days. The appellee, it seems, ascertained in the mean time where his property was, and, intent upon requiring it in specie, brings suit against the appellant. But before the writ was sued out, the negro is taken by Ashley, and by him placed in the hands of Messrs. Elliots. The appellant, therefore, had not been legally evicted prior to the institution of the suit; nor can he be regarded, under the circumstances, as having stood in the attitude of a bailee. Mathers himself appears to have held the negro only in that character under Bentley, as his bailor. And the appellant was apprised of his (Bentley's) claim before the negro came to his possession the second time. It is questionable whether he was not, under this state of case, equally responsible with Mathers to Bentley. We are, therefore, of opinion that the instructions of the circuit court given to the jury, when applied to the facts of the case, are substantially correct. Judgment affirmed.